```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

R.C., a minor child, by            )
TOMIKA LASLEY, his biological      )
mother and next friend,            )   Civil Action No. 5:09-102-JMH
                                   )
    Plaintiff,                    )
                                   )
v.                                 )
                                   )   **MEMORANDUM OPINION AND ORDER**
                                   )
FAYETTE COUNTY BOARD OF            )
EDUCATION and JACKIE WILLIAMS,     )
                                   )
    Defendants.                   )

                      ** ** ** ** **

This action is before the Court on Defendant Jackie Williams' Motion to Dismiss [Record No. 6]. Because some of Plaintiff's claims are inapplicable to Williams or wholly unsupported by any facts, the Motion to Dismiss will be granted in part and denied in part.

**I. BACKGROUND**

This action arises from an alleged incident between Plaintiff R.C. (hereinafter "Plaintiff"), a minor child and student at Martin Luther King, Jr., Academy for Excellence, and Defendant Jackie Williams (hereinafter "Williams"), a teacher at that school. Plaintiff averred in his complaint that Williams "seriously physically assaulted and battered" him while he, Plaintiff, was in the Suspension and Failure Eliminated (S.A.F.E.) detention program. {Compl. ¶ 17]. Plaintiff avers that this intentional assault was "horrific and shocking-to-the conscience" which "caused Plaintiff

to suffer serious damage, including physical and mental harm." [Compl. ¶ 21]. The Complaint does not describe the alleged assault and battery with any additional specificity. Williams' Motion to Dismiss pointed out a number of deficiencies in Plaintiff's Complaint. Plaintiff moved for leave to file and amended complaint [Record No. 11], which the Court granted [Record No. 23]. Plaintiff failed to file an amended complaint and thus, the basis for this Order are the allegations found in Plaintiff's original Complaint.

Plaintiff raises a variety of state and federal law claims against Williams, to which Williams defends on the grounds of qualified immunity and failure to state a claim.

**II. STANDARD**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The Court "must accept as true all of the allegations contained in a complaint" except for "legal conclusions." *Ashcroft v. Iqbal,* -- U.S. --- , 2009 WL 1361536 *13 (2009) (*citing Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court recently clarified the standard for a motion

to dismiss, stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* at *12 (citations omitted).

### III. DISCUSSION

The Court, on its own motion, considers the claims against Williams in his official capacity as claims against the named entity, Fayette County Board of Education (hereinafter "Board"). *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000). Therefore, the all of the claims against Williams in his official capacity will be dismissed as duplicative of the claims against the Board.

Each of the claims against Williams in his individual capacity are described below, as well as the Court's ruling on the Motion to Dismiss as to each of the claims.

**1. Count 1: Violation of 42 U.S.C. § 1983**

Plaintiff's first claim against Williams is a violation of 42 U.S.C. § 1983. Within this claim, Plaintiff alleged several violations of his rights. Each are set forth below.

3

### 1A. "Policy, Procedure, and/or Custom Violation"

Plaintiff argues that the Board, through Williams, deprived Plaintiff of his constitutionally protected liberty interest by imposing the S.A.F.E. detention program on Plaintiff. [Compl. ¶¶ 64 and 39].

For the purpose of the Motion to Dismiss, the Court accepts Plaintiff's statement of facts as true, including the assertion that Williams was in charge of the S.A.F.E. program and the implementation of its policies and procedures at Martin Luther King, Jr., Academy for Excellence.  Sixth Circuit precedent permits a suit against Williams in his personal capacity for implementing or enforcing a policy in a way that allegedly deprived Plaintiff of his constitutional rights.  *See Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995); *Hill v. Marshall*, 962 F.2d 1209 (6th Cir. 1992); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Such claims are appropriate when an individual official is charged with "abandoning the specific duties of his position...in the face of actual knowledge of a breakdown in the proper workings" of his respective facility.  *Hill*, 962 F.2d at 1213.   Plaintiff may hold Williams liable for implementing policy and custom in such a way that resulted in violations of the plaintiff's constitutional rights.  The Motion to Dismiss will be denied with respect to Count 1A against Williams.

### 1B. "Policy, Procedure, and/or Custom Vehicle Violation"

Plaintiff argues that the Board's policies and procedures were the "vehicle for Defendant Williams' wrongful and illegal acts." [Compl. ¶¶ 64 and 40]. The Court is unable to find any law which distinguishes this claim from Count 1A and Plaintiff did not cite any authority for this claim in his Response to the Motion to Dismiss. This claim will be dismissed against Williams because it duplicates Count 1A.

### 1C. "Affirmative Duty Rule Violation"

Plaintiff argues that the S.A.F.E. program was a governmental restraint which created an affirmative duty on the part of Williams to protect Plaintiff. Cited by both Plaintiff and Williams, *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989) creates an affirmative duty on the part of the State, pursuant to the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment, "to assume some responsibility for [the citizen's] safety and general well-being" while in State custody. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199 (1989). With respect to the Plaintiff in his individual capacity, this case does not fit the framework of *DeShaney* and its line of cases.

In this case, Plaintiff alleges that the Board created a situation, tantamount to State custody, in which the Board and Williams had a duty to protect Plaintiff from violence on the part of Williams. The *DeShaney* Court recognized an affirmative duty on

the part of the State to protect individuals from the "affirmative acts of [the State's] agents" which "subject[] an involuntarily confined individual to deprivations of liberty which are not among those generally authorized by his confinement." *Id*. at 200, n.8. This is a recognition of the *State's* duty to protect individuals from *state agents*. Here, Plaintiff is asserting that Williams owed him (Plaintiff) a duty to protect Plaintiff from the alleged abuse at the hands of Williams. This creates a logical disconnect because it does not makes sense that Williams would or could protect Plaintiff from the risk that he, Williams, would injure Plaintiff.

The affirmative duty to protect also requires the State to protect individuals in its custody from harm by private actors. *McQueen v. Beecher Community Schools*, 433 F.3d 460 (6th Cir. 2006) (*quoting Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998)). This theory of liability protects individuals in state custody from injuries caused by third parties, not by state agents. Again, this is inapplicable in this case because Williams was not a third party, but a Board employee.

Because the affirmative duty to protect is inapplicable as applied to Williams, Count 1C will be dismissed against Williams.

### 1D. "Special Danger Theory Violation"

Plaintiff avers that the S.A.F.E. program created dangerous educational conditions. [Compl. ¶¶ 64 and 42]. Plaintiff appears

6

to be arguing that Williams is liable under a state-created-danger theory of liability. "Liability under the state-created-danger theory is predicated upon affirmative acts by the state which either create or increase the risk that an individual will be exposed to private acts of violence." *Kallstrom*, 136 F.3d at 1066. This theory cannot logically apply to Williams because: (1) it addresses harms caused by private actors (i.e., non-governmental third-parties); and (2) Plaintiff is essentially arguing that Williams created a situation in which Plaintiff was in danger of being assaulted and battered by Williams, and that Williams should have protected Plaintiff from that risk.

Because the state-created-danger theory of liability does not apply to Williams, Count 1D will be dismissed against Williams.

### 1E. "Substantive Due Process Violation"

Plaintiff argues that Williams violated his right to substantive due process by using corporal punishment that was "offensive to human dignity as to shock the judicial conscience" and "disproportionate to the need presented, and was inspired by malice or sadism rather than a merely carless [sic] or unwise excess of zeal." [Compl. ¶¶ 64, 76-77].

Plaintiff claims that Williams "assaulted" and "battered" Plaintiff, but has not offered any description of the alleged "attack." Plaintiff further states the legal conclusion that he suffered a violation of his substantive due process rights because

7

the alleged attack was shocking to the conscience; however, Plaintiff does not give any additional details which would allow the Court to infer that an assault and/or battery occurred, and that it was shocking to the conscience, rising to the level of a constitutional violation. Averring in a complaint that an "assault" or "battery" occurred, without more, is a legal conclusion stating that the specific elements of each of these torts is met, without providing any facts at all to support that legal conclusion. Plaintiff argues in his Response that "assault" and "battery" are not legal conclusions, but common words found in a non-legal dictionary to describe an event. This argument is unavailing. "Assault" and "battery" are terms of art used in legal pleadings; Plaintiff uses the terms as such in Counts 4 and 5 of the Complaint.

On a Motion to Dismiss, the Court is required to accept all of the facts alleged in the Complaint as true, but is not required to accept all of the Plaintiff's legal conclusions as true. *Ashcroft v. Iqbal,* -- U.S. --- , 2009 WL 1361536 *13 (2009) (*citing Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, Plaintiff has not alleged any facts that shock the conscious of the Court; in fact, Plaintiff has not alleged any specific facts regarding the alleged violent incident between Plaintiff and Williams. Therefore, the Court declines to accept as true the legal conclusion that an "assault" and "battery" occurred.

8

Although the Court is aware that the Plaintiff is not required to submit a "detailed factual allegation" in the Complaint, Plaintiff's complaint merely "offers 'labels and conclusions'" which are far too vague to meet the high standard of "shocking to the conscious" and therefore warrant granting a dismissal as to Count 1E against Williams. *Id.* *13 (citations omitted.).

**2. Count 2: Public Accommodation Disability Discrimination under K.R.S. 344.010**

Plaintiff has moved to dismiss Count 2 against Williams. Count 2 will be dismissed as to Williams.

**3. Count 3: Public Accommodation Disability Retaliation Discrimination under 28 C.F.R. § 36.206**

Plaintiff has moved to dismiss Count 3 against Williams. Count 3 will be dismissed as to Williams.

**4. Count 4: Assault**

Plaintiff argues that "Williams caused Plaintiff an apprehension of an immediate battery" and "mentally invaded Plaintiff's peace of mind and engaged in overt and actual acts." [Compl. ¶¶ 94-95]. The Complaint states that Williams "attacked" Plaintiff, which when read in the light most favorable to the Plaintiff, supports denying the Motion to Dismiss as to Count 4 against Williams.

**5. Count 5: Battery**

Plaintiff avers that "Williams caused Plaintiff harmful or

9

offensive contact, and judged by a reasonable person standard, and Defendant physically invading [sic] Plaintiff's persons [sic]." [Compl. ¶ 97] Plaintiff claims that he suffered a "brutal[,]" "shocking and violent" attack at the hands of Williams. [Compl. ¶ 47] Reading the Complaint in the light most favorable to the Plaintiff, the Motion to Dismiss will be denied as to Count 5 against Williams.

### 6. Count 6: Intentional Infliction of Emotional Distress

Plaintiff claims that Williams "intended to cause Plaintiff severe emotional distress, and which resulted, causing Plaintiff severe emotional distress and being outrageous, beyond the realms of human decency, intolerable to society." [Compl. ¶ 98] Reading these allegations in the light most favorable to the Plaintiff, the Motion to Dismiss will be denied as to Count 6 against Williams.

### 7. Count 7: Negligence

Plaintiff avers that Williams "breached duties of care to Plaintiff, causing Plaintiff serious harm." [Compl. ¶ 99]. Plaintiff does not allege any facts in his Complaint to support an inference of negligence. Count 7 will be dismissed against Williams.

### 8. Count 8: Gross Negligence

Plaintiff claims that Williams "breached duties of care to Plaintiff and with intentional and/or reckless disregard ... for protection of human life, causing serious harm to Plaintiff."

[Compl. ¶ 100]. Plaintiff does not allege any fact in his Complaint to support an inference of gross negligence. Count 8 will be dismissed against Williams.

Accordingly, **IT IS ORDERED** that:

(1) all of the claims against Defendant Jackie Williams, in his official capacity, be, and the same hereby are, **DISMISSED**;

(2) the Motion to Dismiss [Record No. 6] be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**;

(3) the Motion to Dismiss [Record No. 6] be, and the same hereby is, **GRANTED** with respect to Counts 1B, 1C, 1D, 1E, 2, 3, 7 and 8 of the Complaint [Record No. 1] as to Defendant Jackie Williams; and

(4) the Motion to Dismiss [Record No. 6] be, and the same hereby is, **DENIED**, with respect to Counts 1A, 4, 5, and 6 of the Complaint [Record No. 1] as to Defendant Jackie Williams.

This the 15th day of October, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge